IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

**HUNTINGTON DIVISION**

MARK DELANE WARD,

    Petitioner,

v.            CIVIL ACTION  NO. 3:12-07283

MIKE CLARK, Administrator,
Western Regional Jail;

    Respondent.

**MEMORANDUM OPINION AND ORDER**

   Pending before the Court is Petitioner Mark Delane Ward's Objections (ECF No. 14) to

the Magistrate's Proposed Findings and Recommendations (ECF No. 13). For the reasons stated

below, Petitioner's Objections (ECF No. 14) are **DENIED**, and the Magistrate's Proposed

Findings and Recommendations (ECF No. 13) are **ADOPTED in full**.[1] The Court also **DENIES**

Mr. Ward's three motions for miscellaneous relief (ECF Nos. 17, 18, 19).

**Statement of Facts**

   Mr. Ward was arrested on November 30, 2011, pursuant to an outstanding warrant for

second-degree sexual assault. ECF No. 1-1 at 1. Mr. Ward made an initial appearance before a

Cabell County magistrate judge, and a preliminary hearing was scheduled for December 9, 2011.

Because he was unable to post bond, he was detained at Western Regional Jail. Upon arriving for

the preliminary hearing, according to Mr. Ward, he was told that a Cabell County grand jury had

---

[1] Petitioner also submitted an Application to Proceed Without Prepayment of Fees and Costs
(ECF No. 4), which he has since moved to withdraw (ECF Nos. 6, 7). The Magistrate Judge
accordingly recommended that the application be **DENIED**, and that the motions to withdraw
the application be **GRANTED**. The Court adopts these recommendations as well.

indicted him, and so the preliminary hearing was canceled. He was returned to Western Regional Jail pending trial.

On November 2, 2012, Mr. Ward filed a *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. ECF No. 1 (hereinafter "Petition" or "Pet."). In this Petition, Mr. Ward argued that West Virginia Rule of Criminal Procedure 5(c) prohibited the court from canceling a preliminary hearing when an indictment is returned after the date for the hearing is already set. Mr. Ward also argued that the circuit court's merge order[2] "violated the jurisdiction of [the] magistrate court" and that "a merge order may not be entered without pleading, process, or defendant[']s knowledge without representation." Pet. at 8. He also argued that because his initial case was dismissed, he should have been released from prison. *Id.* He alleged that his detention is illegal, and requests that the case against him be dismissed and that he be released from custody. *Id.* at 9.[3]

Magistrate Judge Cheryl A. Eifert issued Proposed Findings and Recommendations ("PF&R") on December 18, 2012, recommending that Mr. Ward's Petition be dismissed. ECF No. 13. The PF&R explained that the federal court should abstain from involvement in this state case because all three prongs of the Fourth Circuit's *Martin Marietta* test were met. *See Martin Marietta Corp. v. Md. Comm'n on Human Relations,* 38 F.3d 1392 (4th Cir. 1994). Furthermore, the magistrate found that even if federal abstention was not appropriate, Mr. Ward would

---

[2] The circuit judge entered a merge order on December 9, 2011, merging Magistrate Case 11F-1678 and the bond set therein with Indictment 11-F-443. ECF No. 1-1 at 9. Other documents refer to this order as a "merger order," and this opinion uses the two terms interchangeably.

[3] He asks for remedy under 18 U.S.C. § 3060(d), which allows for release of individuals when improperly denied their preliminary hearing in their *federal* criminal case. Mr. Ward's Petition does not stem from a federal criminal case, and so this particular federal statute is inapplicable to Mr. Ward's Petition.

nonetheless not be entitled to relief because his underlying legal arguments regarding the preliminary hearing and merge order were not persuasive.

Mr. Ward timely filed objections to the PF&R. ECF No. 14 ("Objections"). He argues in these objections that the *Martin Marietta* test does not favor abstention. Objections at 1. He also "disagree[s] with this Court stating that no hearing was held when I've sent this Court [a] transmitted print out from the Cabell County Clerk that my preliminary hearing on Dec 9, 2011 was dismissed." *Id.* at 2. Furthermore, he objects to the magistrate's interpretation of West Virginia Rule of Civil Procedure 5(c), and to the court treating Rule 5(c) and West Virginia Code § 62-1-8 as "one in the same." *Id.* at 2-3. He argues that the Initial Appearance Rights Statement, form SCA-M312-1, was revised in September 2011 to show that defendants have an enhanced right to a preliminary hearing compared to what existed under previous law. *Id.* at 4. He additionally claims that his appearance in circuit court 20 days after his initial appearance was a violation of the Fourteenth Amendment. *Id.* at 3. Mr. Ward further states that because his initial case was dismissed, he is the victim of unlawful arrest and his Fourteenth Amendment rights have been violated. *Id.* at 4. He objects to the merge order. *Id.* at 5. Lastly, he alleges that DNA swabbing in his case should be expunged.

In Section I, the Court will briefly discuss the standard of review applicable to the PF&R. In Section II, the Court will address abstention under the *Martin Marietta* test. In Sections III and IV, the Court will discuss the merits of Mr. Ward's arguments about the preliminary hearing and the merge order, respectively. In Section V, the Court will address other arguments raised in Mr. Ward's Objections. In Section VI, the Court will discuss Mr. Ward's motions to stay and for other relief, filed subsequent to his objections. Lastly, in Section VII, the Court will discuss the certificate of appealability.

## I.        Standard of Review

This Court's review of the magistrate's proposed findings and recommendations to which Petitioner objects is de novo. 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). Therefore, this Court will review de novo the magistrate's determination that the *Martin Marietta* test favors abstention, that Mr. Ward was not entitled to a preliminary hearing regardless, and that the merge order was properly entered.

## II.        Abstention Pursuant to the *Martin Marietta* test

The U.S. Supreme Court explained in *Younger v. Harris* that federal courts should not intervene in state criminal proceedings unless certain extraordinary circumstances are present. 401 U.S. 37 (1971). As elaborated by the Fourth Circuit, "federal courts should abstain from the decision of constitutional challenges to state action, however meritorious the complaint may be, 'whenever [the] federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'" *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52 (4th Cir. 1989) (quoting *Haw. Hous. Auth. v. Midkiff,* 467 U.S. 229, 237-38 (1984)). Furthermore, "[i]n *Younger* and its progeny, the Supreme Court generally has found abstention appropriate if the following three-pronged test has been met: 1) there are ongoing state judicial proceedings; 2) the proceedings implicate important state interests; and 3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta*, 38

F.3d at 1396 (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432

(1982)).[4] These three prongs together are known as the *Martin Marietta* test.

Mr. Ward objects to the magistrate's determination that the *Martin Marietta* test favors

abstention here. After reviewing this determination de novo, this Court agrees with the

magistrate, and finds that the *Martin Marietta* test is met and this Court should therefore not

intervene in Mr. Ward's state court proceedings. The first prong is met because there are indeed

ongoing state judicial proceedings against Mr. Ward. *See* Docket Sheet, Case No. 11-F-443,

Cabell County Circuit Court (case opened Dec. 6, 2011). As for the second prong—implication

of important state interests—the Fourth Circuit has held that states have a significant interest in

preventing others from violating their criminal laws. *Nivens v. Gilchrist ("Nivens I")*, 319 F.3d

151, 154 (4th Cir. 2003) (citation omitted). Furthermore, another significant state interest is the

"efficient operation of [the state's] criminal justice system." *Id.* (quoting *Cooper v. Oklahoma,*

517 U.S. 348, 367 (1996)). Therefore, the second prong is met in this case.

For the third prong, the Court considers whether Mr. Ward has an adequate opportunity

to raise federal claims in the state criminal proceedings. The Fourth Circuit has noted that

"ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for

vindication of federal constitutional rights." *Gilliam v. Foster*, 75 F.3d 881, 904 (4th Cir. 1996)

(quoting *Kugler v. Helfant,* 421 U.S. 117, 124 (1975)) (stating that one exception to this general

rule, not applicable to the instant case, is when a petitioner is arguing a violation of the Fifth

Amendment's Double Jeopardy Clause). An *opportunity* to raise federal claims on the state level

---

[4] *See also Nivens v. Gilchrist ("Nivens II")*, 444 F.3d 237, 241 (4th Cir. 2006) ("Absent a few extraordinary exceptions, *Younger* mandates that a federal court abstain from exercising jurisdiction and interfering in a state criminal proceeding if (1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges.") (citation and footnote omitted).

must not be confused with *achieving success* on those federal claims. Indeed, "[a]bstention does not suddenly become improper simply because Appellants lost on the merits in the state court" or because an adverse ruling in state court is anticipated. *Nivens v. Gilchrist ("Nivens II")*, 444 F.3d 237, 243 (4th Cir. 2006) (citing *Nivens I,* 319 F.3d at 158). Mr. Ward noted in his Petition that he filed for a Writ of Mandamus in the Supreme Court of Appeals of West Virginia in April 2012 to challenge his continued pretrial detention, arguing that he was entitled to a preliminary hearing and that the merge order was improperly entered. Pet. at 2-4. The state court refused Mr. Ward's filing, and this refusal later became final. Regardless of the state court's rejection of his petition, Mr. Ward appears to have had a fair opportunity to bring his federal claims in state court. Therefore, the Court finds that all three prongs of the *Martin Marietta* test have been met in this case.

When all three prongs of the *Martin Marietta* test are satisfied, a federal court may intervene in the state case "only where (1) 'there is a showing of bad faith or harassment by state officials responsible for the prosecution'; (2) 'the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions'; or (3) 'other extraordinary circumstances' exist that present a threat of immediate and irreparable injury." *Nivens II*, 444 F.3d at 241 (quoting *Kugler*, 421 U.S. at 124). There is no indication in the pending Petition or Objections that there has been any bad faith or harassment.[5] Also, there is

---

[5] Mr. Ward first mentions potential bad faith in his motions for miscellaneous relief, discussed in Section VI. ECF Nos. 17, 18, 19. For example, in one motion, he states that the circuit court ordered a psychiatric evaluation; when the test was administered, Mr. Ward requested that his attorney be present, and the individuals administering the exam refused. ECF No. 17 at 1-2. Mr. Ward now wants that exam to be expunged. He states "I didn't I believe [sic] the Circuit Court[']s reasoning for psyce [sic] evaluation is to change and m[a]nipulate more documents to their advantage." *Id*. at 2. Mr. Ward also states that "false waivers are justifying this . . . malicious prosecution." *Id.* at 3. *See also* ECF Nos. 18, 19 (alleging falsity of exam report, malicious prosecution and misconduct of court). These claims—not raised in the Petition or the Objections and not directly relevant to the merge order and preliminary hearing—are not

no indication that the applicable state law in this case is "flagrantly and patently violative of express constitutional prohibitions." As for "extraordinary circumstances" creating "a threat of immediate and irreparable injury," the Fourth Circuit has held that "the cost, anxiety, and inconvenience" of criminal proceedings is not sufficient for intervention. *Id.* at 241 (quoting *Younger,* 401 U.S. at 46). This Court has not found any applicable exceptions, and so the Court will abstain from involvement in Mr. Ward's pending state criminal proceedings.

### III.   Preliminary Hearing

Even if the *Martin Marietta* test favored intervention, however, Mr. Ward would not prevail on his Petition because the merits of his arguments regarding the preliminary hearing and the merge order are unpersuasive.[6] West Virginia Rule of Criminal Procedure 5(c) discusses preliminary hearings (also called preliminary examinations), and states that "[i]f the offense is to be presented for indictment, a defendant is entitled to a preliminary examination, unless waived." The Rule subsequently elaborates on the details of this requirement in part as follows:

> If the defendant does not waive the preliminary examination, the magistrate shall schedule a preliminary examination. Such examination shall be held within a reasonable time but in any event not later than 10 days following the initial appearance if the defendant is in custody and no later than 20 days if the defendant is not in custody; provided, however, that the preliminary examination shall not be held if the defendant is indicted or if an information against the defendant is filed in circuit court before the date set for the preliminary examination.

W. Va. R. Crim. P. 5(c).

---

sufficient for finding bad faith or harassment apart from Mr. Ward's general dissatisfaction with his incarceration. The Court also notes that Mr. Ward has filed a malicious prosecution case which is still pending. *See* No. 3:12-cv-6186 (S.D. W. Va. filed Oct. 3, 2012).

[6] The PF&R states that Mr. Ward also alleged mail tampering. PF&R at 13. In reviewing Mr. Ward's Petition, the Court found no allegations about mail tampering, and so will not address the merits of such a claim here.

Ward argues that a preliminary hearing must take place—even after an indictment has been returned—once the date for the preliminary hearing is scheduled. West Virginia courts, however, have interpreted Rule 5 to mean that a preliminary hearing is not required when the indictment has been returned against the defendant prior to the *actual scheduled date* of the preliminary hearing. For example, the Supreme Court of Appeals of West Virginia in *State v. Hutcheson* discussed Rule 5(c) and noted the court's "holdings that the return of an indictment dispenses with the necessity of a preliminary hearing."[7] 352 S.E.2d 143, 148 (W. Va. 1986) (citing *State ex rel. Rowe v. Ferguson,* 268 S.E.2d 45 (W. Va. 1980); *State ex rel. Spadafore v. Fox,* 186 S.E.2d 833 (W. Va. 1972); *State v. White,* 280 S.E.2d 114 (W. Va. 1981)). Similarly, under Rule 5, "the preliminary hearing shall not be held if the defendant is indicted or if an information is filed against the defendant in circuit court before the date of the preliminary hearing." *Peyatt v. Kopp*, 428 S.E.2d 535, 537 (W. Va. 1993). The Rule's preliminary hearing requirement, coupled with exceptions, is consistent with the Federal and State Constitutions, neither of which grant a right for defendants to have a preliminary hearing. *Id.* at 537 (citing Syl. Pt. 1, *Rowe,* 268 S.E.2d 45; Syl. Pt. 1, *Gibson v. McKenzie,* 259 S.E.2d 616 (W. Va. 1979)).

In *State ex rel. Rowe v. Ferguson,* the defendants claimed that under West Virginia Code § 62-1-8,[8] they were entitled to a preliminary hearing because their offense was to be presented

---

[7] The Court points out that Rule 5 became effective on October 1, 1981, and was amended in 1993, 1995, and 1996. The only difference that this Court has found between the current portion of Rule 5(c) as quoted above and the version as quoted in *State v. Hutcheson* is the substitution of "the defendant" for "he" in one clause and the addition of a comma. The Court does not believe that these changes to Rule 5(c) upset the applicability of this case to the instant situation.

[8] This statute states in pertinent part that:
> If the offense is to be presented for indictment, the preliminary examination shall be conducted by a justice of the county in which the offense was committed within a reasonable time after the defendant is arrested, unless the defendant waives examination.

W. Va. Code § 62-1-8.

to a grand jury. The court disagreed with this interpretation, explaining that the defendants' argument "would necessitate our reading W. Va. Code, 62-1-8, out of context with its related statutes, and would thus violate recognized rules of statutory construction which require us to read statutes relating to the same subject in pari materia." 268 S.E.2d at 48 (citations omitted). The court also stated that:

> Where the State proceeds under W. Va. Code, 62-1-1, et seq., to arrest the accused for an offense which must be brought before the grand jury, the defendant is entitled to a preliminary hearing under W. Va. Code, 62-1-8 (1965). If, however, the State elects to indict him without a preliminary hearing or before one can be held, the preliminary hearing is not required.

Syl. Pt. 3, *Id.* Although this decision was issued before Rule 5 was codified, it is nonetheless instructive for understanding § 62-1-8. Mr. Ward objects to the magistrate's treatment of § 62-1-8 and Rule 5(c) as "one in the same when they are not." Objections at 3. However, upon de novo review of the PF&R, this Court believes that the magistrate's treatment of § 62-1-8 and Rule 5(c) is correct, and that the magistrate has not necessarily treated them as identical.[9]

Mr. Ward also points to the Initial Appearance Rights Statement, form SCA-M312-1, revised in September 2011, which states that "[t]he Magistrate has informed me that, since I have been charged with a felony, I have the right to a preliminary hearing for a determination of whether any felony charge(s) should be bound over for possible presentation to a grand jury." He argues that the Court has not "adapted to the new rules" as seen in this form. Objections at 4. In the instant case, the grand jury indicted Mr. Ward after the date for his preliminary hearing was set, but before that preliminary hearing actually took place. The hearing was set for 10 days after his initial appearance, but the grand jury returned the indictment before the hearing actually

---

[9] Mr. Ward additionally argues that Rule 5(c) was meant to "enhance" the right to a preliminary hearing compared to what was found in West Virginia Code § 62-1-8. Objections at 3. However, even if this were true, this would not upset the Court's interpretation of the right to a preliminary hearing as explained above.

occurred, thus making it unnecessary for the court to hold a preliminary hearing, regardless of the terms of the form. As explained above, this is proper under federal and state law, including under Rule 5(c), and so Mr. Ward would not succeed on this argument even if the Court chose not to abstain from intervention in his state case.

## IV. Merge Order

The circuit judge entered a merge order on December 9, 2011, merging Magistrate Case 11F-1678 and the bond set therein with Indictment 11-F-443. ECF No. 1-1 at 9. Mr. Ward argued in his Petition that the merge order violated the state magistrate's jurisdiction, and was prohibited by Article III, Section 4 of the West Virginia Constitution, as well as West Virginia Code § 52-2-8.[10] He also alleged that "when the case was dismissed and warrants dismissed due to a[n] ex parte dismissal I should have been release[d] from custody . . . ." Pet. at 8. In his objections to the PF&R, Mr. Ward argued that "on the day of my preliminary hearing a hearing had to have been held to lawfully enter a merger order for it to be valid. I object to the entering of this merger order (ECF No. 1 at 8). The circuit court had no jurisdiction in the matter of the magistrate court." Objections at 5.

Article III, Section 4 of the West Virginia Constitution does not prohibit the merge order,[11] and neither does West Virginia Code § 52-2-8.[12] Also, an accused has no right to be

---

[10] "I wanted [a] preliminary examination and was refused even by the circuit court under West Virginia [Constitution] Article III Section 4 to be brought before a grand jury to contradict my accuser and to provide evidence and no hearing was held or mentioned under W Va Code 52-2-8 finding or making of indictment or presentment." Pet. at 8.

[11] "The privilege of the writ of habeas corpus shall not be suspended. No person shall be held to answer for treason, felony or other crime, not cognizable by a justice, unless on presentment or indictment of a grand jury. No bill of attainder, ex post facto law, or law impairing the obligation of a contract, shall be passed." W. Va. Const. Art. III, § 4.

present at a grand jury hearing. *State v. Justice*, 44 S.E.2d 859, 863 (W. Va. 1947). Therefore, although Mr. Ward was not present at the grand jury hearing that resulted in his indictment, this does not invalidate the indictment that led to the merge order. The merge order in this case was proper and in accordance with the respective jurisdictions of the state magistrate court and circuit court. As the Supreme Court of Appeals of West Virginia has explained, the magistrate court has jurisdiction over, inter alia, misdemeanors and preliminary examinations for felony offenses. *State v. Satterfield*, 387 S.E.2d 832, 833 n.3 (W. Va. 1989) (quoting W. Va. Code § 50-2-3). However, only the circuit court has jurisdiction over felony offenses after the preliminary examination stage. *See id.* It was therefore proper for the magistrate case to be transferred and merged into a circuit court case after the indictment was issued.

According to the docket sheet for Circuit Court Case No. 11-F-443, no hearing was held on December 9, 2011, and the merge order was simply entered on that date without a hearing. This is proper procedure, and Mr. Ward had no right to contest the merge order at a hearing.[13] Mr. Ward was indicted by the grand jury for second-degree sexual assault (a felony) and intimidation of a witness (a misdemeanor). ECF 1-1 at 5. Therefore, the magistrate's jurisdiction

---

[12] "At least twelve of the grand jurors must concur in finding or making an indictment or presentment. They may make a presentment or find an indictment upon the information of two or more of their own body, and when a presentment or indictment is so made, or on the testimony of witnesses called on by the grand jury, or sent to it by the court, the names of the grand jurors giving the information, or of the witnesses, shall be written at the foot of the presentment or indictment." W. Va. Code § 52-2-8.

[13] Mr. Ward states in his objections that he "disagree[s] with this Court stating that no hearing was held when I've sent this Court [a] transmitted print out from the Cabell County Clerk that my preliminary hearing on Dec 9, 2011 was dismissed." Objections at 2. Based on the docket sheet for Case No. 11-F-443, no hearing was held on December 9, 2011, and this Court finds that the magistrate case was properly dismissed and the merge order was properly entered without a hearing.

over Mr. Ward's case ended with the indictment, and the magistrate's case was properly merged with the case stemming from the felony indictment at that point.

Furthermore, Mr. Ward did not have a right to be released in a merger situation like this one. The docket sheet for Magistrate Case No. 11-F-1678 states that the case was "dis[missed] per state- matter has been indicted by the Cabell County grand jury." However, the magistrate's case was only "dismissed" in the sense that the magistrate could no longer exercise jurisdiction over Mr. Ward's case once the grand jury issued a felony indictment, although the magistrate's case and the indictment both stemmed from the same crime—sexual assault. Once the indictment was issued, it was necessary to merge the magistrate's case into a case before the circuit court, in order to respect the distinct jurisdictions of each court. It was not necessary for Mr. Ward to be released from custody in that situation. Therefore, Mr. Ward's objections to the merge order would not succeed if this court reached the merits of his arguments.

## V.    Other Arguments Raised in Objections

Mr. Ward's Petition raises two grounds for habeas relief: the cancellation of his preliminary hearing, and the entry of the merge order. Mr. Ward's objections to the PF&R, however, raise additional grounds for habeas relief. Namely, Mr. Ward claims that his appearance in circuit court 20 days after his initial appearance was a violation of the Fourteenth Amendment, and that only the circuit court—not the magistrate court—could have set bond in his case. Objections at 3. He also argues that DNA swabbing in his case should be expunged. These arguments were not raised in his initial Petition, and so the Court need not address the merits of these arguments.

## VI.    Motions to Stay, to Expunge Evaluation, and for Other Relief

Mr. Ward also filed a motion requesting various relief. ECF No. 17. He asks for this Court to stay his circuit court proceedings before Judge Ferguson, pursuant to 28 U.S.C. § 2251(a)(1).[14] Because this Court accepts the magistrate's recommendation that the habeas corpus petition be dismissed, the Court now denies Mr. Ward's request to stay the circuit court proceedings.

Mr. Ward also requests in that motion that the Court expunge a court-ordered psychiatric evaluation. According to the docket sheet, the circuit court did order initial forensic examinations to determine competency or criminal responsibility or both. Case No. 11-F-443, Cabell County Circuit Court, Jan. 31, 2013. He additionally notes that he "asked for a fast and speedy trial on Oct 1, 2012 and Oct 23, 2012 and was denied months ago." He is also "concerned" that he has not "received any paperwork under USCA 2243 any motions for good cause by the circuit court asking for additional time to review my case." Also, he alleges there have been "false waivers" and malicious prosecution. In reading the claims asserted in this motion other than the request for a stay, the Court is sympathetic to the many challenges that pro se litigants face in completing filings without the assistance of an attorney. Other than the request for a stay, however, these other arguments in the motion must be raised in a proper habeas petition in order for the Court to

---

[14] 28 U.S.C. § 2251(a)(1) states that:

> A justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding.

Additionally, § 2251(b) states that:

> After the granting of such a stay, any such proceeding in any State court or by or under the authority of any State shall be void. If no stay is granted, any such proceeding shall be as valid as if no habeas corpus proceedings or appeal were pending.

consider them. Asserting them in a miscellaneous motion rather than the original petition does not suffice. Therefore, the Court will not consider them now.[15]

Mr. Ward filed a second motion for miscellaneous relief on March 25, 2013. ECF No. 18. He states therein that he has not received proposed findings and recommendations regarding another civil case he has filed (3:12-cv-6186), and the Court reminds Mr. Ward that the case is pending, and that a court will address the filings in due course. Mr. Ward also asks for the Court to expunge the psychiatric examination, complains of false information concerning a plea, and alleges that his lawyers have not protected his rights. Again, the Court will not consider those arguments, because they must be brought up in a proper habeas petition in order for the Court to rule on them. Mr. Ward states that § 2241 petitions must be reviewed within 25 days, and voices dissatisfaction with why this Court has not reviewed his Petition yet. However, the Court is aware of no such deadline. Mr. Ward again requests this Court to stay the circuit court proceedings, but for the reasons explained above, this request is denied. Mr. Ward additionally requests to be brought before the Court, but Mr. Ward does not have the right to any hearing before the Court on this Petition. Therefore, the Court denies this motion.

Mr. Ward filed an additional motion for relief on March 26, 2013. ECF No. 19. He claims that the circuit court is "prosecuting" him for his religious beliefs and is engaging in malicious prosecution; states there was a 25-day time limit to review his Petition; requests a stay; asks for the psychiatric evaluation to be expunged; requests to be brought before the federal court; and states that he has not received proposed findings and recommendations regarding the other civil case he has filed (3:12-cv-6186). The Court again denies Mr. Ward's motion to stay,

---

[15] The Court had difficulty understanding some of petitioner's arguments. Again being sympathetic to the difficulties litigants face in composing pro se filings, the Court nonetheless encourages litigants to make their arguments as clearly as possible.

because the Court is now ruling on the pending Petition. As stated above, the Court is aware of no expired time limit for considering this Petition, and Mr. Ward does not have a right to appear before this Court on the Petition. This Court again reminds Mr. Ward that the other civil case is pending, and the court will address the filings in that case in due course. The remaining arguments must be brought up in a proper filing in order to be considered, and this miscellaneous motion does not suffice. Therefore, the Court denies this motion.

## VII.    Certificate of Appealability

The Court additionally has considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability.

## Conclusion

For the reasons stated above, Petitioner's Objections (ECF No. 14) are **DENIED**, and the Magistrate's Proposed Findings and Recommendations (ECF No. 13) are **ADOPTED in full**. Furthermore, Petitioner's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 4) is **DENIED**, and the motions to withdraw the application (ECF Nos. 6, 7) are **GRANTED**. Lastly, the Court **DENIES** the three motions for miscellaneous relief (ECF Nos. 17, 18, 19).

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:        April 9, 2013

ROBERT C. CHAMBERS, CHIEF JUDGE